UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE WALLA WALLA COUNTRY CLUB, a Washington corporation,<br><br>            Plaintiff,<br><br>     -vs-<br><br>PACIFICORP, dba PACIFIC POWER & LIGHT COMPANY, an Oregon corporation,<br><br>            Defendant. | NO. CV-13-5101-LRS<br><br>**ORDER RE EXPEDITED MOTION FOR PROTECTIVE ORDER** |

**BEFORE THE COURT** is Defendant's Motion to Expedite (ECF No. 20) and Defendant's Motion for Protective Order (ECF No. 21), filed on February 20, 2014 and noted for February 27, 2014.

Defendant PacifiCorp, dba Pacific Power & Light Company ("PacifiCorp") moves for a Protective Order staying discovery pursuant to FED. R. CIV. P. 26(c)(1). PacifiCorp requests that the stay on discovery remain in place until after the Court enters an order on PacifiCorp's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 11) filed on December 12, 2013 and set for hearing on March 13, 2014 ("Motion to Dismiss"), with oral argument in Yakima, Washington.

ORDER - 1

The central issue to PacifiCorp's motion to stay discovery is whether PacifiCorp should be required to undertake the significant time and expense of responding to several detailed interrogatories and requests for production when WWCC's case is likely to be dismissed for lack of subject matter jurisdiction. PacifiCorp has provided authority that it should not be required to incur significant expense while its motion to dismiss is pending, and that a stay of discovery is appropriate in this situation. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Plaintiff Walla Walla Country Club ("Plaintiff") opposes the length of stay requested by PacifiCorp, but argues a reasonable resolution would be a limited extension, with PacifiCorp's responses being due on March 20, 2014. Plaintiff asserts that even if PacifiCorp's Motion to Dismiss is granted, that motion will not conclude or end this dispute, which would then proceed in a State administrative forum, rather than in a Federal court. ECF No. 23, at 3.

PacifiCorp replies that an administrative proceeding in front of the Washington Utilities and Transportation Commission ("WUTC") would be governed by its procedural rules and Washington's Administrative Procedures Act ("APA"). Under the WUTC's regulations and Washington's APA, discovery is allowed in an adjudicative proceeding, but is governed by different standards and regulations than in federal court. See WAC 480-07-400 to 425; RCW 34.05. As such, responses prepared in Plaintiff's federal proceeding would not necessarily be applicable to the state administrative proceeding. ECF No. 24, at 2.

ORDER - 2

The Court has reviewed the arguments and is fully informed. The Court finds that a limited stay of discovery is appropriate in this situation to further the goal of efficiency for the court and litigants.

**IT IS ORDERED**:

1. Defendant's Motion to Expedite, **ECF No. 20**, is **GRANTED**.

2. Defendant's Motion for Protective Order, **ECF No. 21**, filed on February 20, 2014, is **GRANTED**. Discovery is hereby stayed pending the Court's ruling on Defendant's Motion to Dismiss (ECF No. 11).

The District Court Executive is directed to enter this Order.

**DATED** this 27th day of February, 2014.

*s/Lonny R. Suko*

LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3